# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

```
FRANKIE LEE DASH,            )
        #175515,             )
                             )   CIVIL ACTION NO. 9:08-278-GRA-BM
                Petitioner,  )
                             )
v.                           )
                             )   REPORT AND RECOMMENDATION
GEORGE T. HAGAN, Warden      )
Of Allendale Correctional Institution,)
                             )
                Respondent.  )
_____)
```

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on January 24, 2008.[1] The Respondent filed a return and motion for summary judgment on April 23, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 24, 2008, advising him of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving two extensions of time to respond, Petitioner failed to timely file a response in opposition to the motion for summary judgment. The undersigned then issued an order instructing the Petitioner to advise the Court within ten (10) days if he wished to continue to prosecute this action. Despite this order, Petitioner again did not respond. Accordingly, the undersigned issued a Report and Recommendation recommending dismissal of the Petition for failure to prosecute on August 12, 2008. However on August 13, 2008, the Clerk received a memorandum

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).



in opposition from the petitioner, and as a result the undersigned vacated the August 12, 2008 Report and Recommendation. This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in March 2002 for armed robbery [Indictment No. 02-GS-38-355]. See Respondent's Exhibit Two. Petitioner was represented on this charge by Crystal Chapman, Esquire, and after a trial by jury was found guilty as charged. (R.pp. 1-321). The trial judge sentenced the Petitioner to twenty-two (22) years imprisonment. See Respondent's Exhibit Two.[3]

Petitioner filed a timely appeal in which he was represented by Wanda Haile of the South Carolina Office of Appellate Defense. Counsel raised the following direct appeal issue:

> The lower court erred in denying appellant's motion to suppress the items confiscated pursuant to his illegal seizure.

See Respondent's Exhibit 3, p. 3.

On June 25, 2003, the South Carolina Court of Appeals affirmed Petitioner's convictions. See State v. Dash, No. 2003-UP-438 (S.C.Ct.App. filed June 25, 2003); Respondent's Exhibit 5. The Remittitur was sent down on July 14, 2003. See Respondent's Exhibit Six.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") in state circuit court on November 26, 2003; Dash v. State of South Carolina, 03-CP-38-1473 (R.pp. 333-339); in which he raised the following issues:

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]This is the sentencing sheet. The sentencing portion of the transcript is incomplete. See Respondent's Exhibit One.



> 1. Ineffective Assistance of Counsel. Counsel was ineffective for failing to properly do a legal and f actual investigation into Petitioner's case; depriving Petitioner of possible defenses. Counsel was further ineffective for failing to review the forensic exams.
>
> 2. Petitioner contends that he is being held in custody unlawfully, because his arrest came as a result of his Fourth and Fourteenth Amendment rights being violated.

(R.pp. 334, 337-338).

An evidentiary hearing was held on July 18, 2006, at which Petitioner was present and represented by Clyde Dean, Esquire. (R.pp. 346-369). At the conclusion of Petitioner's case, the PCR Court orally granted the State's motion for a directed verdict; (R.pp. 367-368); which was followed up by a written order filed May 10, 2006, granting the motion for a directed verdict and denying the petition in its entirety. (R.pp. 370-375).

Petitioner then appealed to the South Carolina Supreme Court. Petitioner was represented on appeal by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed a Johnson[4] petition raising the following issue in his writ of certiorari:

> Whether defense counsel was ineffective in failing to object when a police officer lied about where he found a pistol?

See Respondent's Exhibit Seven, p. 2.

The Petitioner filed a *pro se* brief in response to the Johnson petition, in which he raised the following issues:

> **Ground One**:  The PCR Court erred in granting summary judgment to the State.
>
> **Ground Two**: The PCR Court erred in failing to find that counsel rendered ineffective assistance for not presenting the Petitioner's coat worn during the incident

---

[4] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

3



to the jury.

See Respondent's Exhibit Nine, p. 1.

On August 9, 2007, the South Carolina Supreme Court denied the petition. See Respondent's Exhibit 10. The Remittitur was issued on August 27, 2007. See Respondent's Exhibit 11.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: The Petitioner's right to be free from unreasonable seizure as guaranteed by the 4th Amendment was violated and the trial court erred in refusing to suppress evidence procured as a result of that seizure.
>
> **Ground Two:** The Petitioner was denied his Sixth Amendment right to effective assistance of counsel where counsel failed to object to the arresting officer's presentation of perjured testimony during trial.
>
> **Ground Three:** The Petitioner was denied his Sixth Amendment right to effective assistance of counsel where counsel failed to present the jacket worn by Petitioner when detained by law enforcement.

See Petition, pp. 6-10.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume



the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his petition, Petitioner contends the trial court erred by failing to suppress evidence obtained as a result of his allegedly unlawful seizure. This issue was raised by Petitioner in his direct appeal, where it was denied by the South Carolina Court of Appeals. However, even though otherwise properly exhausted, federal habeas relief is not available on a claim that the trial court admitted evidence obtained in violation of the Fourth Amendment where the Petitioner had a full and a fair opportunity to litigate this claim in state court. Stone v. Powell, 428 U.S. 453 (1976); Boggs v. Blair, 892 F.2d 1193, 1199-1200 (4 Cir. 1989), cert. denied, 495 U.S. 940 (1990). Such is the case here.

The record reflects that Petitioner's trial counsel moved to suppress the gun and money received during his allegedly unlawful seizure. (R.pp. 43-44, 83-84). Following an in camera hearing, the trial court denied the motion to suppress. (R.pp. 64-68, 72-78, 83-114). Based upon the record, Petitioner had a full and fair opportunity to litigate, and in fact actually litigated, this claim before the trial court. Furthermore, Petitioner also raised this issue as the sole issue in his direct appeal, and although Petitioner disagrees with the factual findings and ruling of the South Carolina Court of Appeals, the record reflects that the Court of Appeals considered and rejected the claim on the merits.

Petitioner has not shown that he did not have a full and fair opportunity to litigate this claim in state court. Accordingly, it is not necessary to address the merits of this claim. Stone v. Powell, supra; Boggs, 892 F.2d at 1199-1200; Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir.



1978)["[The Court] need not inquire further into the merits of the case . . . unless the prisoner alleges something to indicate his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."].  This issue is without merit and should be dismissed.

## II.

In Ground Two of his petition, Petitioner contends that his counsel was ineffective for failing to object to the arresting officer's presentation of allegedly perjured testimony during his trial.  Respondent contends that this issue is procedurally barred from consideration by this Court because the Petitioner did not raise it in his APCR, nor was it addressed by the PCR court.

A review of the record reveals that, although Petitioner alleged that his counsel was ineffective in his PCR application, he did not specifically discuss any issue relating to the arresting officer's alleged inconsistent testimony. (R.pp. 335, 337).  Petitioner did testify at the PCR hearing that he felt his counsel was negligent concerning how she cross-examined the officer after she "caught the officer lying".  However, Petitioner did not testify or argue that counsel should have objected to the testimony. (R.pp. 353-355).  Further, when Respondent's counsel moved for a directed verdict at the conclusion of the PCR proceeding, she specifically argued that, "I believe it is apparent from the record that his attorney did the best job she could in cross-examining the officer in regards to the search and seizure issue." (R.p. 362).  Again, there was no mention or discussion by either party of counsel's failure to object to the testimony.  Accordingly, the undersigned is constrained to agree with the Respondent that this issue is procedurally barred.  While Petitioner did raise the issue of ineffective assistance of counsel, complaining about how effective her cross-examination of the police office was, he never argued or even made an oblique reference that his counsel should have objected to the testimony at issue.  See Joseph v. Angelone, 184 F.3d 320, 328



(4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Furthermore, the PCR judge found that, while Petitioner alleged that one of the officers lied on the witness stand about the gun, Petitioner also admitted that his counsel cross-examined the officer about his inconsistent statements regarding the gun. (R.pp. 372-373). The PCR judge then found that counsel was not ineffective in her representation with respect to the claims raised, and that with respect to any issues not addressed in the order, Petitioner had waived any such allegations and failed to meet his burden of proof regarding them. (R.p. 374). After obtaining the PCR Court's order, the Petitioner did not file any motions seeking to obtain a ruling on any other issues, even though such a motion was necessary to preserve this claim since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)(citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]. Therefore, as the issue preserved in Ground Two of this Petition was not addressed by the PCR judge in his order, it was not preserved for appellate review. Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR



judge to be preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1(D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).[5]

Since Petitioner did not preserve this claim in his PCR proceeding, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest

---

[5] Petitioner's counsel did attempt to raise this issue in his Johnson petition in Petitioner's PCR appeal, even though it had not been properly preserved for the appellate court's review. See Respondent's Exhibit 7, p. 2; Humbert, 548 S.E.2d at 865; Plyler, 424 S.E.2d at 478-480. The South Carolina Supreme Court granted counsel's motion to be relieved and summarily dismissed the petition. See Respondent's Exhibit 10.

8



court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In Petitioner's response, he does not present any cause for his procedural default of this claim. Rather, he argues that he *did* present this issue in his PCR proceedings and that the PCR court's order mentioned the allegation that the officer had given inconsistent testimony about where he found the gun. However, as previously discussed, Petitioner did not present the same issue to the PCR Court that he now attempts to raise here; that counsel should have objected to this testimony. Instead, the only matter discussed dealt with how *effective* counsel's *cross-examination* of the officer had been. Accordingly, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal

9



Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered. see Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor 188 F.3d 239, 244 (4$^h$ Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

### III.

In Ground Three of his petition, Petitioner contends that his counsel was ineffective for failing to present the jacket he was wearing when detained by law enforcement. This issue is in somewhat of the same procedural posture as Ground Two; that is, Petitioner contends that it was raised in his APCR, although he admits that the PCR court order did not specifically make any findings regarding this issue. see Petitioner's Brief, p. 5.

Again, Petitioner's PCR application did not reference any claim with regard to Petitioner's jacket. (R.pp. 334, 337-338). At the PCR hearing when Petitioner was testifying about

10



inconsistencies in the officer's statement, he testified, "[n]ow, the jacket, I was trying to request for them to bring back for evidence due to the fact that the pistol that was found at the scene of the crime was a very big one, right, and the jacket, the pockets isn't even big enough for my whole hand to get in – excuse me. And the jacket somehow came up missing, and [sic] the never brought it to court for the, you know what I'm saying, as evidence, or what not." (R.p. 353). Petitioner did not, however, specifically state any allegations with regard to ineffective assistance of his counsel regarding his jacket. In fact, he later stated to the PCR court that "she [his counsel] caught the officer lying in the statement that he seen the pistol fell off of me. That's the only part that she was negligent in." (R.p. 356). In Respondent's motion for a directed verdict, there is no mention of any allegation regarding a jacket, and Petitioner's counsel also did not reference anything regarding an issue concerning a jacket during argument on the directed verdict motion. (R.pp. 362-363). Additionally, as is the case with Ground Two, even assuming arguendo that Petitioner attempted to raise this issue in his APCR, it is not addressed in the PCR court's decision, and as previously discussed, although necessary to preserve the issue, the Petitioner did not file any motions seeking to obtain a ruling on any other issues after the PCR Court's order failed to address this issue. See Rule 59(e), SCRCP; Al-Shabazz, 527 S.E.2d at 747 (citing Pruitt, 423 S.E.2d at 128 n. 2).

      Therefore, even though Petitioner attempted to raise this issue in his prose appellate brief, since the issue presented in Ground Three of this Petition was not addressed by the PCR judge in his order, it was not preserved for further state collateral review. Marlar, 653 S.E.2d at 267; Humbert, 548 S.E.2d at 865; Plyler, 424 S.E.2d at 478-480; see Rule 59(e), SCRCP; Primus, 555 F.Supp.2d at 611; Smith v. Warden of Broad River Correctional Inst., 2008 WL 906697 at * 1; McCullough, 2007 WL 949600 at * 3 (citing Al-Shabazz, 577 S.E.2d at 747). Since Petitioner did



not properly pursue this issue in his PCR and it was not addressed by the PCR judge, it is also procedurally defaulted; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911.

Since this claim was not properly pursued or exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750. As with Ground Two, Petitioner has failed to show cause for a procedural default on this issue. See discussion, supra; see also Rodriguez, 906 F.2d at 1159. Petitioner has also failed to show that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881.

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Charleston, South Carolina  
December 17, 2008

Bristow Marchant  
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

13

