UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Frankie Lee Dash, #175515, | ) | C/A No.: 9:08-278-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| George T. Hagan, Warden of Allendale | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and
Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c),
D.S.C., filed on December 17, 2008.

## Procedural History

The petitioner originally brought a habeas corpus petition pursuant to 28 U.S.C.
§ 2254, filed on January 24, 2008.  The respondent filed a Motion for Summary
Judgment and a return on April 23, 2008.  The court issued an order pursuant to
*Roseboro v. Garrison*, 428 F.2d 309 (4th Cir. 1975) advising the petitioner of the
summary judgment dismissal procedure and warning him of the consequences if he did
not respond to the motion.  The petitioner filed a motion for extension of time on May
30, 2008 and June 23, 2008.  The magistrate granted both extensions.  After no
response was filed, the magistrate issued an order on July 28, 2008 stating that the
petitioner was to notify the court if he wished to proceed with the case.  After no

Page 1 of  5

response, the magistrate issued a Report and Recommendation that the case be dismissed with prejudice for lack of prosecution. However, the day after the report was filed, the clerk recieved the petitioner's response. The magistrate withdrew the Report and Recommendation and addressed the petitioner's response. On December 17, 2008, the magistrate issued its final Report and Recommendation.

The magistrate now recommends the defendant's motion for summary judgement be granted, and the petition dismissed. Objections were due on January 5, 2009. The petitioner did not file objections until January 13, 2009. The court points out that the objections are untimely filed as they exceed the ten day period designated for filing objections to the Report. However, this Court will address the objections, out of an abundance of caution and for the sake of judicial economy.

## Standard of Review

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71

(1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner filed objections on January 13, 2009, eight days after the deadline, however, this Court will address the objections in an abundance of caution.

First, the petitioner objects to the Magistrate's application of *Stone* to bar the consideration of his constitutional claim. He argues that "the AEDPA amendments to §2254 have replaced the *Stone* doctrine." In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." This rule of law is still applicable and still sound law. It has not been overruled and the amendments to the AEDPA have no effect on this law. State courts are equally capable of determining constitutional issues as federal court. The petitioner had a full and fair opportunity to

litigate the Fourth Amendment claim in state court so the issue is without merit and is dismissed accordingly.

Second, the petitioner objects to the magistrate's recommendation to dismiss the claim of ineffective assistance of counsel as it is procedurally barred by not being raised in the state proceedings. He argues that the claim is not procedurally barred. The petitioner states that he raised the issue in different terms so it must still be addressed. Although this may be the case, the petitioner did not "fairly present" the issue in state court. *Townes v. Murray*, 68 F.3d 840 (4th Cir.1995). He must present the issue "'face-up and squarely'" *Mallory v. Smith*, 27 F.3d, 991, 995 (4th Cir. 1994)(quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir.1988)) to allow the Court to adequately address the claim. The petitioner failed to adequately address the issue and this Court may not address it as it was not preserved for appellate review. *Marlar v. State*, 653 S.E.2d 566, 267 (S.C. 2007).

In his last objection, the petitioner states that he is not procedurally barred from rasing the ineffective assistance of counsel claim for counsel's failure to produce the jacket used in the robbery because he raised a "substantially equivalent claim" in state court. As stated above, this objection is without merit because the petitioner did not "fairly present" the issue. *See Townes*, 68 F.3d 840.

After reviewing the magistrate's Report and Recommendation, the petitioner's motion, and the relevant case law, this Court finds that the magistrate applied sound

legal principles to the facts of this case in arriving at his recommendation.   Therefore,

this Court adopts the magistrate's Report and Recommendation in its entirety.

      IT IS THEREFORE SO ORDERED THAT the respondent's Motion for Summary

Judgment be GRANTED.

      IT IS SO ORDERED.


_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE


January__20__, 2009
Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

      Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner

has the right to appeal this Order within thirty (30) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate

Procedure, **will waive the right to appeal.**